KINSELLA WEITZMAN ISER KUMP HOLLEY LLP
Lawrence Y. Iser (SBN 94611)
 liser@kwikhlaw.com
Gregory P. Korn (SBN 205306)
 gkorn@kwikhlaw.com
Allen Secretov (SBN 301655)
 asecretov@kwikhlaw.com
808 Wilshire Blvd., 3rd Floor
Santa Monica, California 90401
Telephone: (310) 566-9801

REITLER KAILAS & ROSENBLATT LLP
Brian D. Caplan (*pro hac vice* application to be submitted)
Julie B. Wlodinguer (*pro hac vice* application to be submitted)
885 Third Avenue, 20th Floor
New York, New York 10022
Telephone:  (212) 209-3050
Facsimile:  (212) 371-5500
Email: bcaplan@reitlerlaw.com
Email: jwlodinguer@reitlerlaw.com

*Attorneys for Plaintiff Reach Music Publishing Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REACH MUSIC PUBLISHING INC. | Case No. 2:22-cv-2006 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| ENEMY RECORDS, LLC, SLAM JAMZ RECORDS, LLC, and SPIT SLAM ENTERTAINMENT, LLC | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMPLAINT

Plaintiff Reach Music Publishing Inc. ("Plaintiff" or "Reach Music"), by its attorneys, Kinsella Weitzman Iser Kump Holley LLP and Reitler Kailas & Rosenblatt LLP, as and for its Complaint against the defendants Enemy Records, LLC, Slam Jamz Records, LLC, and Spit Slam Entertainment, LLC herein (collectively hereinafter "Defendants"), alleges as follows:

## NATURE OF ACTION

1. This is a copyright infringement action brought by Plaintiff to redress Defendants' unauthorized use of the twenty musical compositions identified in the attached Schedule A (hereinafter, collectively referred to as the "Compositions"), which Compositions are owned and/or administered by Plaintiff.

2. From 2007 through the present, Defendants have infringed and continue to infringe upon Plaintiff's copyrights in the Compositions by creating, producing, manufacturing, reproducing, distributing, selling, promoting, advertising, performing by means of digital audio transmission, and otherwise commercially exploiting the Compositions, and/or authorizing others to do the same, without Plaintiff's authority or consent, in violation of 17 U.S.C. § 101 *et seq*.

3. Through this action, Plaintiff seeks actual and/or statutory damages and/or disgorgement of Defendants' profits arising from Defendants' unlawful copyright infringement of Plaintiff's works.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction, in that this is a civil action in which Plaintiff seeks, among other things, damages and injunctive relief for copyright infringement under the Copyright Act of the United States 17 U.S.C. § 101 *et seq*. and 28 U.S.C. § § 1331 and 1338.

5. Upon information and belief, this Court has personal jurisdiction over the Defendants because Defendants have fixed, reproduced, communicated, publicly distributed, sold, and trafficked in the infringing works, or authorized others to do

so, in California and in this District, and are otherwise transacting business in this State and in this jurisdiction.

6. The venue of this action is properly laid in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District and at the time of the commencement of this action, Defendants are subject to personal jurisdiction in this District.

**PARTIES**

7. Plaintiff Reach Music Publishing Inc. is a Virginia corporation with its principal place of business located in the Commonwealth of Virginia, and is an independent music publisher.

8. Upon information and belief, defendant Enemy Records, LLC ("Enemy Records") is a Delaware limited liability company with its principal place of business located in the State of California, County of Los Angeles.

9. Upon information and belief, defendant Slam Jamz Records, LLC ("Slam Jamz Records") is a Delaware limited liability company with its principal place of business located in the State of California, County of Los Angeles.

10. Upon information and belief, defendant Spit Slam Entertainment, LLC ("Spit Slam Entertainment") is a Delaware limited liability company with its principal place of business located in the State of California, County of Los Angeles.

11. Upon further information and belief, each of the Defendants regularly transacts business in the State of California.

12. Upon information and belief, defendants Enemy Records, Slam Jamz Records, and Spit Slam Entertainment are record labels in the business of recording, releasing, distributing, and commercially exploiting musical recordings.

## BACKGROUND

13. Gary Rinaldo ("Rinaldo") is a songwriter and music producer.

14. Rinaldo is a co-author of each of the Compositions performed by the rap group professionally known as "Public Enemy," and identified in Schedule A attached hereto.

15. Rinaldo's publishing rights and interests in each of the subject Compositions are controlled by his publishing designee, Suburban Funk Inc. ("Suburban Funk").

16. Since August 2005 and through the date hereof, Suburban Funk and Rinaldo have had a co-publishing and exclusive administration agreement in place with Plaintiff and/or Plaintiff's predecessor-in-interest, whereby Suburban Funk conveyed to Plaintiff (or its predecessor) a 50% copyright ownership interest in each of the Compositions, among others, and also granted to Plaintiff (or its predecessor) the sole and exclusive right to administer Rinaldo and Suburban Funk's remaining 50% interest in each of the Compositions.

17. Plaintiff is a co-owner of the copyrights in the Compositions, as well as a beneficial owner and exclusive administrator of Rinaldo's share of the copyrights in and to each of the Compositions, and has the exclusive right, along with the owners and/or administrators of the other co-writers' shares, to publicly perform, manufacture, distribute, license and otherwise commercially exploit each of the Compositions, and to collect the royalties generated from the commercial exploitation of the Compositions.

18. Each of the Compositions has been duly registered with the United States Copyright Office, and the U.S. Copyright Office registration numbers and dates of registration for each of the Compositions is set forth in Schedule A.

19. The copyrights in each of the Compositions is currently valid and subsisting.

20. At all times prior to the commencement of this action, Plaintiff and its respective predecessors and/or successors-in-interest have fully complied with the statutory formalities governing copyrights with respect to the Compositions.

## DEFENDANTS' UNLAWFUL ACTS

### *How You Sell Soul to a Soulless People Who Sold Their Soul???*

21. Upon information and belief, in or about August 2007, defendant Slam Jamz Records recorded, manufactured, released and/or distributed the Public Enemy album entitled "How You Sell Soul to a Soulless People Who Sold Their Soul???" (the "*Soul* Album") via audio CD and digital downloads.

22. Upon information and belief, the *Soul* Album contained the following thirteen recorded tracks, each of which embodies a Composition of the same name: "How You Sell Soul to a Soulless People Who Sold Their Soul???," "Black Is Back," "Harder Than You Think," "Between A Rock And A Hard Place," "Sex, Drugs and Violence," "American Gangster," "Head Wide Shut," "The Enemy Battle Hymn," "Escapism," "Frankenstar," "Radiation Of A Radio TV Movie Nation," "See Something, Say Something," and "Long And Winding Road".

23. Plaintiff is informed and believes, and based thereon alleges, that at no time prior to the recording or release of the *Soul* Album did Defendant seek, obtain, or attempt to obtain a mechanical license to use any of the thirteen Compositions contained in the *Soul* Album, either from Plaintiff or from the owners or administrators of the other co-writers' shares of those Compositions.

24. Plaintiff is informed and believes, and based thereon alleges, that from August 2007 to the present, Defendant has released and distributed, and continues to distribute and commercially exploit, the infringing the *Soul* Album, as well as the infringing recordings contained on the Album, through the sale of phonorecords and compact discs and digital audio downloads and transmissions of the Album, all

1  without obtaining a license to the thirteen Compositions contained therein, and
2  without paying any royalties to Plaintiff.

3      25.    Defendant's unlicensed use of the Compositions in the *Soul* Album and
4  the recordings contained thereon, and its unauthorized copying, distribution, public
5  performance, and other exploitation of those Compositions, is a willful infringement
6  of Plaintiff's copyrights therein.

### *Most Of My Heroes Still Don't Appear On No Stamp*

    26.    Upon information and belief, in or about July 2012, defendant Enemy Records recorded, manufactured, released and distributed the Public Enemy album entitled "Most Of My Heroes Still Don't Appear On No Stamp" (the "*Heroes* Album") via audio CD and digital downloads.

    27.    Upon information and belief, the *Heroes* Album contained the following two recorded tracks, each of which embodies a Composition of the same name: "Get Up Stand Up" and "I Shall Not Be Moved".

    28.    Plaintiff is informed and believes, and based thereon alleges, that at no time prior to the recording or release of the *Heroes* Album did Defendant seek, obtain, or attempt to obtain a mechanical license to use any of the two Compositions contained in the *Heroes* Album either from Plaintiff or from the owners or administrators of the other co-writers' shares of those Compositions.

    29.    Plaintiff is informed and believes, and based thereon alleges, that from July 2012 to the present, Defendant has released and distributed, and continues to distribute and commercially exploit, the infringing *Heroes* Album, as well as the infringing recordings contained on the Album, through the sale of phonorecords and compact discs and digital audio downloads and transmissions of the Album, all without obtaining a license to the two Compositions contained therein, and without paying any royalties to Plaintiff.

30. Defendant's unlicensed use of the Compositions in the *Heroes* Album and the recordings contained thereon, and its unauthorized copying, distribution, public performance, and other exploitation of those Compositions, is a willful infringement of Plaintiff's copyrights therein.

### *Planet Earth: The Rock and Roll Hall of Fame Greatest Rap Hits*

31. Upon information and belief, in or about April 2013, Defendants, or one of them, recorded, manufactured, released and/or distributed the Public Enemy album entitled "Planet Earth: The Rock and Roll Hall of Fame Greatest Rap Hits" (the "*Planet Earth* Album") via audio CD, digital downloads, and vinyl records.

32. Upon information and belief, the *Planet Earth* Album contained the following five recorded tracks, each of which embodies a Composition of the same name: "Can't Truss It, "Shut 'Em Down," "Give It Up," "By The Time I Get To Arizona, and "Lost At Birth".

33. Plaintiff is informed and believes, and based thereon alleges, that at no time prior to the recording or release of the *Planet Earth* Album did Defendant seek, obtain, or attempt to obtain a mechanical license to use any of the five Compositions contained in the *Planet Earth* Album either from Plaintiff or from the owners or administrators of the other co-writers' shares of those Compositions.

34. Plaintiff is informed and believes, and based thereon alleges, that from April 2013 to the present, Defendant has released and distributed, and continues to distribute and commercially exploit, the infringing *Planet Earth* Album, as well as the infringing recordings contained on the Album, through the sale of phonorecords and compact discs and digital audio downloads and transmissions of the Album, all without obtaining a license to the five Compositions contained therein, and without paying any royalties to Plaintiff.

35. Defendant's unlicensed use of the Compositions in the *Planet Earth* Album and the recordings contained thereon, and its unauthorized copying,

distribution, public performance, and other exploitation of those Compositions, is a willful infringement of Plaintiff's copyrights therein.

### *Defendants' Copyright Infringement*

36. Each of the infringing recorded tracks embodying a Composition contained on the *Soul* Album, the *Heroes* Album, and the *Planet Earth* Album (collectively hereinafter the "Infringing Works") was produced, manufactured, reproduced, distributed, sold and/or released by Defendants, and/or Defendants authorized such production, manufacture, reproduction, distribution, sale and release by others, and sales of the Infringing Works have taken place within this judicial district.

37. Upon further information and belief, Defendants used various third-party distributors to distribute the Infringing Works.

38. Upon information and belief, Defendants participated in and contributed to the creation, production, manufacture, and/or distribution of the Infringing Works.

39. Upon further information and belief, Defendants have financially benefited from the creation, production, manufacture, and/or distribution of the Infringing Works.

40. Neither Plaintiff, nor any agent on its behalf, has licensed any rights in the Compositions to Defendants, or otherwise consented to Defendants' use of the Compositions in connection with the Infringing Works.

41. Upon information and belief, none of Plaintiff's co-owners in the Compositions has licensed any rights in the Compositions to Defendants, or otherwise consented to Defendants' use of the Compositions, in connection with the Infringing Works.

42. Defendants have infringed and continue to infringe Plaintiff's copyrights in the Compositions by creating, producing, manufacturing, reproducing,

distributing, selling, promoting, advertising, performing by means of digital audio transmission, and otherwise commercially exploiting the Infringing Works, and/or authorizing others to do the same, without Plaintiff's authority or consent, in violation of 17 U.S.C. § 101 et seq.

43. Upon information and belief, at no time prior to the date of this filing have Defendants attempted to obtain or otherwise obtain a mechanical license for the use of any of the Compositions.

44. To date, Defendants continue to infringe Plaintiff's copyrights in the Compositions and, upon information and belief, will continue to infringe Plaintiff's copyrights in the Compositions unless enjoined by this Court.

45. Defendants' actions with respect to the release and commercial exploitation of each of the Infringing Works are wrongful and willful.

46. Plaintiff has no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 above as if fully set forth herein.

48. Plaintiff is the owner of valid and subsisting copyrights in each of the Compositions identified in Schedule A attached hereto.

49. All of Defendants' acts and omissions set forth above were performed without the permission, license, authority or consent of Plaintiff.

50. Upon information and belief, all of Defendants' acts and omissions set forth above were performed without the permission, license, authority or consent of the co-owners of the Compositions.

51. Defendants' acts and omissions set forth above constitute acts of copyright infringement by Defendants of Plaintiff's copyrights in the Compositions.

52. Upon information and belief, Defendants have knowingly, willfully, and intentionally infringed Plaintiff's exclusive rights under 17 U.S.C. § 106 through the unauthorized copying, licensing, reproduction and/or distribution of the Compositions by Defendants and or their affiliates, subsidiaries, agents, owned/managed/controlled entities and/or parent company, and/or predecessors-in-interest.

53. Defendants' infringements are willful and intentional inasmuch as Defendants were aware and had reason to believe that their acts constituted infringement of Plaintiff's copyrights.

54. As a result of the willful and intentional conduct hereinabove set forth, Plaintiff is entitled to a permanent injunction prohibiting any further manufacture, sale, distribution, electronic transmission or other commercial exploitation of the Infringing Works or any other work which infringes upon the Compositions

55. In total, Defendants' Infringing Works make twenty infringing uses of Plaintiff's twenty Compositions. Pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages up to Three Million Six Hundred Thousand Dollars ($3,000,000.00) as a result of acts of Defendants' infringement.

56. Plaintiff has suffered actual damages as a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, which it is entitled to recover pursuant to 17 U.S.C. § 504(b).

57. Plaintiff is further entitled to recover Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), as well as an award of attorneys' fees.

58. Plaintiff has suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendants. Plaintiff has no adequate remedy of law and is entitled to permanent injunctive relief enjoining and restraining Defendants' infringement of the Compositions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reach Music Publishing Inc. demands judgment against Defendants Enemy Records, LLC, Slam Jamz Records, LLC, and Spit Slam Entertainment, LLC as follows:

A. Entry of a judgment that Defendants willfully infringed Plaintiff's registered copyrights in the Compositions;

B. That Defendants be required to pay Plaintiff such actual damages as Plaintiff has sustained in consequence of Defendants' infringements of Plaintiff's copyrights, and to account for and pay to Plaintiff all gains, profits and advantages derived by Defendants from their infringements of Plaintiff's copyrights pursuant to 17 U.S.C. § 504, in an amount to be proven at trial;

C. That Defendants, be required to pay Plaintiff statutory damages of $3,000,000 in consequence of Defendants' willful infringements of Plaintiff's copyrights;

D. That Defendants, and each of their respective officers, agents and employees, and all persons acting in concert or participation with them, be enjoined both during the pendency of this action and permanently thereafter from copying, reproducing, distributing, or publicly performing the Infringing Works and/or any derivative work thereof without authorization from Plaintiff, or otherwise infringing Plaintiff's copyrights in any manner, and from permitting, authorizing or causing others to do so;

E. That Defendants be required to deliver up to be impounded and destroyed all copies of the Infringing Works and/or any derivative work thereof in Defendants' custody or control;

F. Awarding Plaintiff its costs and disbursements incurred in prosecuting this action, including, but not limited to, attorneys' fees; and

G. Such other and further relief as this Court deems just and proper.

DATED: March 25, 2022         KINSELLA WEITZMAN ISER KUMP
                              HOLLEY LLP


                              By:      */s/ Lawrence Y. Iser*
                                   Lawrence Y. Iser
                                   Attorneys for Plaintiff Reach Music
                                   Publishing Inc.


                                   Brian D. Caplan
                                   (*pro hac vice* application to be submitted)
                                   Julie B. Wlodinguer
                                   (*pro hac vice* application to be submitted)
                                   885 Third Avenue, 20th Floor
                                   New York, New York 10022
                                   Telephone: (212) 209-3050
                                   Facsimile: (212) 371-5500
                                   Email: bcaplan@reitlerlaw.com
                                   Email: jwlodinguer@reitlerlaw.com

                                   *Attorneys for Plaintiff Reach Music
                                   Publishing Inc.*

## **DEMAND FOR JURY TRIAL**

Pursuant to Local Rule 38-1, Plaintiff demands a jury trial on all issues so triable.

DATED: March 25, 2022        KINSELLA WEITZMAN ISER KUMP
                             HOLLEY LLP


                             By:    */s/ Lawrence Y. Iser*
                                    Lawrence Y. Iser
                                    Attorneys for Plaintiff Reach Music
                                    Publishing Inc.

775783

**Schedule A – Musical Compositions**

| Copyright Registration # | Composition Title | Author of Work | Copyright Date |
|---|---|---|---|
| PA0001912114 | American Gangster | Carlton Douglas Ridenhour; Gary J Rinaldo; Water Smalls | 4/24/2014 |
| PA0001959114 | Between A Rock And A Hard Place | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton | 4/24/2014 |
| PA0001969904 | Black Is Back | Carlton Douglas Ridenhour; Gary J Rinaldo; Amani Smith | 4/24/2014 |
| PA0001217341 | By The Time I Get To Arizona | Carlton Ridenhour; Gary Rinaldo; James H. Boxley | 6/24/2003 |
| PA0001132709 | Can't Truss It | Carlton Ridenhour; Gary Rinaldo; James H. Boxley | 4/28/2003 |
| PA0001920531 | Escapism | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton; Gene Barge | 4/24/2014 |
| PA0001912209 | Frankenstar | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton | 4/24/2014 |
| PA0001844296 | Get Up Stand Up | Carlton Douglas Ridenhour; Gary J Rinaldo; Jason Newman | 4/23/2013 |
| PA0001138668 | Give It Up | Carlton Ridenhour; Gary Rinaldo; Alvertis Isbell; Thomas Marvell; Sean DeVore | 3/15/2003 |
| PA0001921137 | Harder Than You Think | Carlton Ridenhour; Gary Rinaldo | 2/1/2018 4/24/2014 |
| PA0001912194 | Head Wide Shut | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton | 4/24/2014 |
| PA0001959116 | How You Sell Sould To A Soulless People Who Sold Their Soul? | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton | 4/24/2014 |
| PA0001844297 | I Shall Not Be Moved | Carlton Ridenhour; Gary Rinaldo | 4/23/2013 |
| PA0001912214 | Long and Winding Road | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton | 4/24/2014 |
| PA0001132705 | Lost At Birth | Carlton Ridenhour; Gary Rinaldo; James H. Boxley | 4/28/2003 |
| PA0001920534 | Radiation Of A Radio TV Movie Nation | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton | 4/24/2014 |
| PA0001920536 | See Something, Say Something | Carlton Douglas Ridenhour; Gary J Rinaldo | 4/24/2014 |
| PA0001959115 | Sex, Drugs and Violence | Carlton Douglas Ridenhour; Gary J Rinaldo; William Jonathan Drayton; Lawrence Krisna Parker | 4/24/2014 |
| PA0001132708 | Shut 'Em Down | Carlton Ridenhour; Gary Rinaldo; James H. Boxley | 4/28/2003 |
| PA0001912205 | The Enemy Battle Hymn | Carlton Douglas Ridenhour; Gary J Rinaldo | 4/24/2014 |